UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMERICAN SECURITY INSURANCE
COMPANY                                                          CIVIL ACTION

VERSUS                                                           NO.: 06-4158

SHAHED W. MUHAMMAD                                               SECTION "B"(3)

## ORDER AND REASONS

Before the Court is Defendant, Shahed W. Muhammad's motion to dismiss or stay (Rec. Doc. No. 7). Defendant claims that the plaintiff, American Security Insurance Company has filed a "preemptive strike" declaratory judgment suit which should be dismissed or stayed in deference to pending state court proceedings. (Rec. Doc. No. 7). The plaintiff filed for a declaratory judgment pursuant to 28 U.S.C. § 2201. (Rec. Doc. No. 1).

### *BACKGROUND*

Defendant, Shahed Muhammad owns a home in New Orleans which was damaged during Hurricane Katrina. At the time of the hurricane, Defendant's home was insured under a homeowner's policy issued by the plaintiff, American Security Insurance Company.

Defendant filed a damage claim with Plaintiff and Plaintiff tendered $9,199.06. However, estimates obtained by Defendant indicated that it would cost around $57,000.00 to repair his property.

Defendant retained legal counsel and prepared formal proof of his losses. On July 28, 2006, Defendant's attorney sent a letter of representation to Plaintiff. (Rec. Doc. No. 7 at Exhibit A). On July 31, 2006, Defendant sent proof of loss to Plaintiff. (Rec. Doc. No. 7 at Exhibit B).

On August 8, 2006, Plaintiff filed the pending declaratory judgment action. (Rec. Doc. No. 1). On August 28, 2006, Defendant filed suit in state court against Plaintiff. (Rec. Doc. No. 7 at Exhibit C). The current motion to dismiss or stay was filed by Defendant on September 22, 2006. (Rec. Doc. No. 7).

Defendant asserts that Plaintiff's 28 U.S.C. § 2210 declaratory judgment action should be dismissed or stayed because the declaratory action was a "preemptive strike" that was filed in anticipation of a lawsuit filed in state court by Defendant.

Furthermore, Defendant claims that the declaratory action should be dismissed or stayed based upon an examination of the following three factors: (1) there is pending state action in which all matters in controversy may be fully litigated; (2) the circumstances point strongly to a conclusion that Plaintiff filed for a declaratory judgment in anticipation of a state lawsuit filed by Defendant; and (3) Plaintiff appears to be engaged in forum shopping, since the only apparent reason to file for a federal declaratory judgment would be to preempt an anticipated state court lawsuit.

Plaintiff asserts that Defendant's motion to dismiss or stay should be denied because issuing a declaratory judgment in this matter promotes judicial economy and merely provides a determination of the various coverage issues involved in this dispute. Plaintiff also asserts that issuing a declaratory judgment in this matter will facilitate the resolution of the pending state court case as the judgment will detail what alleged damages should be covered under Defendant's insurance policy.

### *LAW AND ANALYSIS*

The Declaratory Judgment Act is a procedural device designed to provide a new remedy to the federal court arsenal. *Aetna Life Ins. Co. Of Hartford, Conn. v. Haworth,* 300 U.S. 227, 239-40 (1937). However, the Court is not required to provide declaratory judgment relief, and it is a matter

2

for the Court's sound discretion whether to decide a declaratory judgment action. *Brillhart v. Excess Ins. Co. Of Am.,* 316 U.S. 491 (1942).

The previous standard for a district court's decision to abstain from exercising otherwise proper jurisdiction over a matter was governed by the *Colorado River* test, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814-18 (1976), however, the Fifth Circuit has firmly established that those factors are inapplicable to declaratory judgment actions. *See, e.g., Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1992), *cert. dismissed,* 507 U.S. 1026 (1993); *Mission Insurance Co. v. Puritan Fashions, Corp.*, 706 F. 2d 599, 601 n.1 (5th Cir. 1983) (holding that Moses Cone/Colorado River factors do not apply to declaratory judgment actions).

The *Rowan* court held that a district court abuses its discretion in declaratory judgment cases when it summarily denies or grants a motion to dismiss without either written or oral explanation, or when it fails to address and balance the relevant principles and factors of the Declaratory Judgment Act. *Rowan Cos., Inc. v. Griffin,* 876 F.2d 26, 30 (5th Cir. 1989). The following discussion provides review of the facts of this case in light of the relevant factors of the Declaratory Judgment Act as provided in *Travelers. Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.,* 996 F.2d 774 (5th Cir. 1993).

In deciding whether to consider, dismiss, or stay a declaratory judgment action, the Court must consider the following factors, including:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

3

(2) whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by the declaratory defendant;

(3) whether the declaratory plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 778. Furthermore, in *Wilton v. Seven Falls Company*, the Supreme Court simplified the *Traveler's* test by stating that the district court's decision to exercise its discretion with regard to declaratory judgments comes down to considerations of practicality and wise judicial administration. 515 U.S. 277, 288 (1995).

In consideration of the first factor, there is an action pending in state court in which all matters in controversy may be fully litigated. Issuing a declaratory judgment concerning the issues requested by Plaintiff would not serve the purposes of judicial economy, but would threaten to provide inconsistent results with regard to coverage issues in this matter.

Examining the second factor, circumstances point strongly to the conclusion that Plaintiff filed suit in anticipation of a state lawsuit brought by Defendant. The time sequence of this case is as

follows: (1) Defendant's attorney sends a letter of representation and proof of loss to Plaintiff on July 28 and July 31, 2006, respectively. (2) After a period of non-communication between the parties, Plaintiff files the pending declaratory judgment action on August 8, 2006. (3) On August 28, 2006, Defendant files suit in state court against Plaintiff.

This sequence of events supports the inference that Plaintiff, after receiving notice that Defendant had retained legal counsel to assist him in recovering the outstanding damage claim on his insurance policy, knew that it was highly likely that Defendant would file suit in state court if his claim was not paid promptly. Since the prescription date was rapidly approaching (August 29, 2006), Defendant would have had to file suit in the immediate future to prevent prescription on his claim. Furthermore, the anticipation query inherently recognizes that there are cases in which the declaratory plaintiff was the first to file suit, but the court should nevertheless abstain. *Travelers*, 996 F.2d at 779 n.15. Additionally, anticipatory suits are disfavored because they are a part of forum shopping, and "the purposes of the declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." *Am. Auto. Ins. Co. v. Freundt,* 103 F.2d 613, 617 (7th Cir. 1939).

Analyzing the third factor, American Securities appears to be engaged in forum shopping, since filing for a federal declaratory judgment served the purposes of preempting an anticipated state lawsuit. Since Plaintiff was aware of the impending prescription date and the fact that Defendant would have to file suit in the near future, Plaintiff's only available counteraction was to file suit in federal court, thus effectively interrupting any progress in state court until the federal declaratory

judgment action has been decided. Also, as there is no genuine issue of forum convenience that favors either the federal court or state court in hearing this matter, Plaintiff's request for declaratory judgment seems to only serve the Plaintiff's interest in forum shopping and potentially subverting the Defendant's advantage in state court.

Consideration of factors four, five, and six point to the conclusion that the declaratory judgment petition should be dismissed or stayed. While the federal court and state court are both convenient forums for the parties, retaining the lawsuit would not serve the purpose of judicial economy because of the risk of inconsistent results coming from parallel lawsuits dealing with the same controversy. Finally, consideration of the seventh factor is neutral, as there is no state judicial decree regarding this matter.

Six of the seven *Traveler'*s factors suggest that dismissal or stay is proper in this matter. This decision is based on a careful examination of the facts of this case in light of the *Traveler'*s factors, and not "on the basis of whim or personal disinclination." *Travelers*, 996 F.2d at 778. The interests of practicality and wise judicial administration suggest that granting complete dismissal may not be the most appropriate remedy, and that granting the motion to stay is more appropriate. As noted in *Wilton*, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." 515 U.S. at 288.  For the these reasons,

**IT IS ORDERED** that the instant motion to dismiss is **DENIED** and the instant motion to stay is **GRANTED**.

**IT IS FURTHER ORDERED** that the captioned action shall be administratively closed, for statistical purposes only, without prejudice to the parties' right to reopen the case upon timely compliance with the orders contained herein.  The parties shall file the motion to reopen **no later than thirty days** following final disposition of all pending state court claims.

New Orleans, Louisiana, this 10th day of April, 2007.

_____

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE